The opinion of the Court was delivered by
Poché, J.
The defendant appeals from a conviction of murder and a sentence of death, and urges, in an assignment of errors, numerous irregularities, alleged to have been committed to bis detriment, during t-be progress of bis trial.
The charge that the record fails to show that the indictment filed against him was formal and returned into court by a grand jury; that the finding was recorded ; that he was present at the trial of a motion to amend the minutes, and when he was sentenced and at other important proceedings during the trial; and the charge, that there were no minutes kept, as the law requires, of his case, are answered by an amended transcript, returned into this Court under a writ in the nature of a certiorari, issued at the instance of the Attorney General.
Prom this amended transcript it appears that the District-Judge ordered, on motion of the District Attorney, the correction of the defective minutes kept by the clerk of that court, so as to make them conform to the truth, aud from the minutes, as thus corrected, it appears that the accused was legally indicted and arraigned, and had a fair and impartial trial, under the supervision of, and aided by able *882 counsel appointed by the court. It further appears, that after trial and conviction, his motion for a new trial was duly considered and overruled, after which, he was brought, into court, and being asked the usual question, he was sentenced to be hung.
The complaint that the Judge, through inadvertence, fixed the date and day of the execution, and thus attempted to perform a duty devolving upon the Governor, cannot vitiate the sentence of the court. As that part of the sentence is unwarranted by law, it cannot be executed, and it has evidently not been executed, the date fixed by the Judge having elapsed and the accused being yet in full life and struggling for a prolonged existence. Hence, he cannot urge that defect.
The argument that because the sentence of the court makes no part of the minutes, we must conclude that the accused has not been sentenced at all, could not avail the accused in this appeal, for if it be true that no judgment has been rendered and signed, his appeal should be dismissed. But that charge is not sustained by the record.
The grounds urged by the defendant in his motion for a new trial, involve questions of law and fact blended, but as they are not incorporated in a bill of exceptions, the motion and the refusal to grant a new trial by the lower court cannot be reviewed by us. On that point our jurisprudence is firmly settled. State vs. Nelson, 32 An. 842; 32 An. 854, 1052.
The innumerable and unpardonable omissions made by the clerk in his minutes, and which are detailed in the assignment of errors, could be, and were corrected under the order of the lower court; and the power of the court to thus correct its own minutes, so as to make them conform with the truth of what occurred at the trial, is now no longer an open question. State vs. Mason, 32 An. 1018; State vs. Cox, 33 An. 1056. This amended transcript furnishes all the elements necessary to satisfy us that we are powerless to relieve the defendant.
But before disposing of this cause, we cannot refrain from calling the attention of the'clerk of the lower court to his unpardonable carelessness, or to his utter inefficiency and incompetency, as manifested by his confection of the transcript in this case, involving the sacred rights of the State and society on the one hand, and the life of a human being on the other.
For the reasons herein given, the judgment of the lower court is affirmed.
Levy, J., absent.